[No. C043785. Third Dist. Nov. 6, 2003.]

In re D. T. et al., Persons Coming Under the Juvenile Court Law.
EL DORADO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff
and Respondent, v.
DARCI S., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Under California Rules of Court, rules 976(b) and 976.1, only the Factual and Procedural
Background and part I of the Factual and Procedural Background, part II of the Discussion,
and the Disposition are certified for publication.

## COUNSEL

Janet H. Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Louis B. Green, County Counsel, and Cherie J. Vallelunga, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—Appellant, the mother of D. T. and R. T. (the minors), appeals from the juvenile court's order terminating her parental rights. Appellant contends the juvenile court failed to ensure compliance with the notice provisions of the Indian Child Welfare Act (ICWA). (25 U.S.C. §1901 et seq.) We agree and shall reverse.[2]

---

[2] In the unpublished portion of this opinion we conclude that appellant has waived her contention that the juvenile court's finding of adoptability was not supported by substantial evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

A dependency petition was filed in July 2001 concerning R. T. and D. T., ages one and two respectively, after their father was arrested on a warrant.

### I

### *ICWA Issues*

On forms entitled "DESIGNATION OF AMERICAN INDIAN STATUS," appellant and the minors' father indicated Indian heritage through the Cherokee tribe. The father indicated, more specifically, that his tribal affiliation was "Cherokee (Tennessee)." At the detention hearing, the juvenile court inquired whether the parents knew the particular tribe. The father's attorney replied "Tennessee for the father," while appellant's attorney stated that appellant "[wa]s not sure" but she would try to get the information and provide it to the social worker. The juvenile court ordered that notice be provided to the Bureau of Indian Affairs (BIA) and "the Cherokee Nation." The court sustained the petition as amended and continued the matter for a dispositional hearing.

In the social worker's report for the dispositional hearing, under a section entitled "INDIAN CHILD WELFARE ACT STATUS," it was reported: "Notices have been sent. SEE NOTICES." The record contains notices on form "SOC 319" to the three federally recognized Cherokee tribes and the BIA. (65 Fed.Reg. 13298 (Mar. 13, 2000).)

At a subsequent hearing, the juvenile court inquired whether there had been any response from "the Cherokee Nation." The social worker said she had "received nothing back on the father." As to appellant, the social worker reported "it says that they have insufficient information." In response to the court's question as to what information was needed, the attorney for the social services agency responded: "It is important in most cases to be able to trace back to 1900 with names, birth dates, and birth places of ancestors." Appellant's attorney said appellant did not have any of this information but she was attempting to get it from her father, whom she had been unable to contact.

At the dispositional hearing, the attorney for the social services agency reported that a response had been received from the BIA "indicating that the child is not considered an Indian child, either one of them." In response to the court's query whether "[t]hey [we]re declining to be involved in these proceedings," the attorney responded "it says, 'Is not registered nor eligible to register as a member of this tribe.' " The court found the "Cherokee Indian

Nation has been noticed, they have responded, and . . . they are declining to participate in these proceedings." All subsequent reports from the social services agency stated the ICWA did not apply.

At the six-month review hearing, the juvenile court terminated reunification services and set a hearing to select a permanent plan for the minors pursuant to Welfare and Institutions Code section 366.26[3] because neither parent had complied with the case plan.

After the section 366.26 hearing, the juvenile court found the minors adoptable and terminated parental rights.

II

*Adoptability Issues**

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

DISCUSSION

I

*Appellant has Waived her Challenge to the Finding of Adoptability**

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

II

*The Juvenile Court Failed to Obtain Sufficient Information to Comply with the ICWA*

Appellant contends the juvenile court erred by failing to ensure compliance with the notice provisions of the ICWA. We agree that the notice provided was insufficient.

In 1978, Congress passed the ICWA, which is designed "to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of

---

[3] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

*See footnote *, *ante*, page 1449.

such children 'in . . . homes which will reflect the unique values of Indian culture . . . .' " (*In re Levi U.* (2000) 78 Cal.App.4th 191, 195 [92 Cal.Rptr.2d 648]; 25 U.S.C. § 1902; *Mississippi Choctaw v. Holyfield* (1989) 490 U.S. 30 [104 L.Ed.2d 29, 109 S.Ct. 1597].)

Among the procedural safeguards included in the ICWA is a provision for notice, which states in part: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912(a).)

In addition, ICWA notice must include the following information, if known: the name of the child; the child's birth date and birthplace; the name of the tribe in which the child is enrolled or may be eligible for enrollment; names of the child's mother, father, grandparents and great grandparents or Indian custodians, including maiden, married and former names or aliases, as well as their birth dates, places of birth and death, tribal enrollment numbers, and current and former addresses; and a copy of the petition. (25 C.F.R. § 23.11(a) & (d) (2003); 25 U.S.C. § 1952.)

"Determination of tribal membership or eligibility for membership is made exclusively by the tribe." (Cal. Rules of Court, rule 1439(g).)[4] The Indian status of a child need not be certain or conclusive to trigger the ICWA's notice requirements. (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 [99 Cal.Rptr.2d 688].) In the present matter, under a section entitled "INDIAN CHILD WELFARE ACT STATUS," the social worker's report stated: "Notices have been sent. SEE NOTICES." The record contains notices to the BIA and the three federally recognized Cherokee tribes on form "SOC 319." There are no other ICWA notices in the record.

Although the notice forms included notification of the pendency of the proceedings and an advisement of the right to intervene, they provided scant information to assist the BIA and the tribes in making a determination as to whether the minors were Indian children. In fact, other than the names, birth dates, and birthplaces of the minors and their parents, no information was provided to assist the tribes in making this determination.

We are cognizant that appellant informed the juvenile court she did not have information going "back to 1900 with names, birth dates, and birth

---

[4] All further rule references are to the California Rules of Court unless otherwise indicated.

places of ancestors." However, the notices failed to include information already known to the social worker, such as appellant's married name, the parents' current addresses, the names of the minors' grandparents, and that the claimed tribal affiliation was Cherokee. All of this information was contained in the social worker's dispositional report.

■ Moreover, the social worker's affirmative duty to inquire whether the minors might be Indian children mandated, at a minimum, that she make some inquiry regarding the additional information required to be included in the ICWA notice. (See rule 1439(d).) The record does not disclose any inquiry of the father after he informed the court at the detention hearing that he had Cherokee heritage. And it cannot be implied from the fact that appellant could not trace her ancestors back to 1900 that she could provide no additional information about her parents or grandparents. Although the court instructed the parents to provide the social worker with "any and all information that you have or can reasonably give" regarding Indian ancestry, there is nothing in the record to indicate that the parents were ever told, specifically, what information was relevant to this inquiry. The father's attorney stated as much when he informed the juvenile court: "I don't know what information the social worker needs for the father . . . ."

"[O]ne of the primary purposes of giving notice to the tribe is to enable the tribe to determine whether the child involved in the proceedings is an Indian child. [Citation.]" (*In re Desiree F., supra*, 83 Cal.App.4th at p. 470.) ■ Notice is meaningless if no information is provided to assist the tribes and the BIA in making this determination. With only the names, birth dates and birthplaces of the minors and the parents, it is little wonder the responses received were that the information was insufficient to make a determination or that the minors were not registered or eligible to register. Consequently, we conclude the notice provided was insufficient. As the tribes and the BIA were deprived of any meaningful opportunity to determine whether the minors were Indian children, the error was prejudicial.

### III

### *Other ICWA Issues**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote *, ante, page 1449.

## DISPOSITION

The order terminating parental rights is vacated, and the matter is remanded to the juvenile court with directions to order the social services agency to make proper inquiry and to comply with the notice provisions of the ICWA. If after proper inquiry and notice, the BIA or a tribe determines that the minors are Indian children as defined by the ICWA, the juvenile court is ordered to conduct a new section 366.26 hearing in conformity with all provisions of the ICWA. If, on the other hand, no response is received or the tribes and the BIA determine that the minors are not Indian children, all previous findings and orders shall be reinstated.

In all other respects, the orders are affirmed.

Scotland, P. J., and Nicholson, J., concurred.

A petition for a rehearing was denied November 25, 2003.